***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted January 5, affirmed February 1, petition for review
denied June 15, 2023 (371 Or 175)

In the Matter of R. J. M., Jr.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. G.,
*Appellant.*

Douglas County Circuit Court
20JU02638; A179251

George William Ambrosini, Judge.

Erika Hayne Friedman argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Mother appeals from a judgment terminating her parental rights to her child, R, raising one assignment of error. Mother argues that the juvenile court erred in terminating her parental rights for the reason that mother is unfit under ORS 419B.504 based on her cognitive deficits and mental health disorders, contending that the Department of Human Services (the department) failed to provide key services necessary for mother to gain the skills to parent her child.

Our review is *de novo*. ORS 419A.200(6); ORS 19.415(3). Thus, we must determine for ourselves whether the evidence is clear and convincing that mother's parental rights should be terminated. *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019).

A finding regarding whether the department has made "reasonable efforts" is not required in every ORS 419B.504 case. *Dept. of Human Services v. D. M. T.*, 239 Or App 127, 140, 243 P3d 836 (2010), *rev den*, 349 Or 654 (2011). In this case, similarly to *D. M. T.*, the evidentiary record demonstrates that, even if the department had provided mother with the specific services to which she refers and she had completed them, her child could not have been returned to her. *See id.* at 141 (noting that father's condition was unlikely to change to allow integration within a reasonable time, regardless of whether the department provided any services); *see also Dept. of Human Services v. N. H.*, 322 Or App 507, 517-18, 520 P3d 424, *rev den*, 370 Or 694 (2022) (explaining that "the trial court may consider evidence of mother's conduct related to the disability if that conduct 'is of such nature and duration as to render the parent incapable of providing proper care for the child or ward for extended periods of time'").

Upon *de novo* review, and having considered the entirety of the evidentiary record, we agree with the trial court that termination is warranted on the grounds identified by the juvenile court, including that mother's cognitive deficits and mental health disorder-related conduct renders her unfit by reason of conduct or conditions seriously

detrimental to her child, and that the child's integration into mother's home is improbable within a reasonable time due to conditions not likely to change.

Affirmed.